**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Sherry Lynn ARMSTRONG,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Lee Armstrong, Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Clarence Daniel Davenport,**
**Defendant—Appellant.**

Nos. 03–35416, 03–35417, 03–35497.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2004.

Decided Aug. 5, 2004.

Frank R. Papagni, Jr., Esq., USEU--Office of the U.S. Attorney, Eugene, OR, for Plaintiff-Appellee.

Edmund Spinney, Eugene, OR, Kendra Matthews, Ransom & Blackmon, LLP, Portland, OR, Sherry Lynn Armstrong, FCID--Federal Correctional Institution (Dublin), Dublin, CA, for Defendant-Appellant.

Before GOODWIN, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Lee Armstrong, Sherry Armstrong, and Clarence Davenport challenge the district court's denial of their habeas petitions under 28 U.S.C. § 2255, contending that insufficient evidence existed to support their convictions; 18 U.S.C. § 844(i) is unconstitutional as applied to these facts; and Sherry Armstrong's trial counsel was ineffective.

I

■ Even assuming this claim is not barred by the non-retroactivity principle announced in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), an issue we need not decide, we reject their contention that insufficient evidence existed to establish the interstate commerce element of 18 U.S.C. § 844(i) as set forth in *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000). To determine whether the interstate commerce element is met, we look to "the function of the building itself, and then a determination of whether that function affects interstate commerce." *Jones v. United States,* 529 U.S. 848, 854, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000). The building at issue meets this requirement because it was a commercial rental property. *See Russell v. United States,* 471 U.S. 858, 862, 105 S.Ct. 2455, 85 L.Ed.2d 829 (1985) ("By its terms, ... [§ 844(i)] only applies to property that is 'used' in an 'activity' that affects commerce. The rent-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

al of real estate is unquestionably such an activity."). In addition, the evidence introduced at trial was more than sufficient to establish that the Petitioners' business, Echo Enterprises, was still operating on the date of the fire. Echo had extended bids and proposals to various companies and was actively soliciting clients through numerous interstate telephone calls and by occasional sales trips. Immediately prior to the fire, Petitioners attempted to obtain business interruption insurance coverage, and on the day of the fire they traveled to Portland to meet with architects to discuss business opportunities. At the time of the arson, Echo Enterprises used the building as its principal place of business and was actively soliciting business and making scale models. The evidence presented was sufficient to establish the interstate commerce element of § 844(i).

## II

■ The Petitioners next challenge their convictions by asserting that § 844(i) is unconstitutional as applied to the facts of this case. Pursuant to its Commerce Clause power, Congress may regulate activities that have a substantial relation to interstate commerce. *See United States v. Lopez,* 514 U.S. 549, 558–59, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). As noted above, the building was involved in a commercial activity that substantially affects interstate commerce; it was a rental property and it was the principal place of business for Echo Enterprises. Accordingly, Petitioners' claim fails.

## III

Sherry asserts that her trial counsel was ineffective for (1) failing to explore the possibility of entering an *Alford* plea, and (2) failing to present a defense that another individual had equal access to the scene where the arson occurred. To establish a

claim of ineffective assistance of counsel, she must demonstrate that her trial counsel's performance was deficient, and that counsel's deficiency prejudiced her. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Under these circumstances, Sherry cannot demonstrate that she was prejudiced by her counsel's failure to seek an *Alford* plea. It is "pure speculation whether [an *Alford*] plea would have been acceptable to both the [Government] and the court." *Clark v. Lewis,* 1 F.3d 814, 823 (9th Cir.1993). The record suggests that neither the Government nor the district court would have entertained such a plea.

■ In light of the overwhelming evidence against Sherry, her counsel was not ineffective for failing to argue that the individuals present in the alley prior to the fire were responsible for setting it. Counsel's strategy—bringing the accessibility issue to the jury's attention, but specifically declining to put forth a conspiracy theory in contrast to the Government's case—cannot now be deemed unreasonable. Sherry has not overcome the strong presumption that her counsel's strategy was reasonable. *See Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

AFFIRMED.